## S. P. HOLLINGSWORTH v. C. HOLSHAUSEN.

A survey under a valid certificate will prevail against a patent granted upon a survey made subsequently to the former, unless the patentee's certificate was located on the land anterior in time to the survey first made.

And in an action of trespass to try title brought by the patentee against the claimant of the land under the elder survey, the prior equity of the defendant's title must prevail over the plaintiff's legal title, unless the plaintiff makes proof of such antecedent location by him of his certificate upon the land in controversy.

To establish the implied authority of an agent authorized to locate lands for others, to change the locations by him made for the principal, by proof that persons so engaged were accustomed to make such changes, is competent and proper evidence.

APPEAL from Rusk.    Tried below before the Hon. C. A. Frazer.

Action of trespass to try title brought by appellee for twelve labors and a part of a labor of land against Thomas C. Loyd and wife; to which the appellant made himself a party defendant as the defendant's warrantor.    The plaintiff claimed under a patent granted by the State to himself, as assignee of Richard Langham, on the 14th day of July, A. D. 1849, by virtue of certificate No. 333, issued by the board of land commissioners of Harrisburg county to said Langham, on the 23d of February, 1838, and by him transferred to the plaintiff, on the 22d day of January, 1844. This suit has once before been before the Supreme Court.    (See 17 Tex. Rep., 41.)    After the cause was remanded to the District Court, the plaintiff amended his petition, and alleged that on the 16th day of December, 1844, by his agent, James Davis, he filed in the county surveyor's office of Rusk county the above described headright certificate, for one league and labor of land, and by said agent designated for location and survey by virtue thereof, the land described in said patent, which was then vacant land, and then caused his said file and location to be entered on the file book in said office, where it remained with the certificate until the — day of June, 1849, when he caused the same to be surveyed, including in said survey all the vacant land covered by said cer-

tificate by virtue of said file, and which is described by metes and bounds in said patent. Plaintiff further alleged that after making said survey, the return thereof to the general land office, and the issuing of said patent to petitioner, the land office of Rusk county, with the said file made therein for petitioner, was burned and destroyed; and prayed to be allowed to give parol testimony of his said file and location.

The defendants filed an answer alleging fraud by plaintiff in obtaining the aforesaid patent, and prayed that it might be cancelled, and also pleaded the general issue.

On the trial the plaintiff introduced his patent, and also a copy of the field notes of the survey under which he claimed title, made by virtue of the certificate described in the patent; the survey purporting on the face of the field notes, to have been made on the 15th day of June, 1849, and recorded in the office of the district surveyor of Rusk county, on the ensuing day.

The defendants relied upon and introduced in evidence copies of the certificate for twelve hundred and eighty acres of land, and chain of transfers thereof to S. P. Hollingsworth, and copies of two surveys made on said tract of land on the 3d day of January, 1849, embracing twelve hundred and seventy-two acres, with the endorsements thereon by district surveyor of Rusk county, showing that the field notes of the surveys were filed in his office January 10th, 1849, and recorded in Book B., page 140.

From the certificates of the Commissioner of the General Land Office it appeared that the certificate and surveys last aforesaid were on file in that office on the 22d day of April, 1852; and by the certificate of the county clerk of Rusk county that the certificate appeared to be genuine and legal.

The plaintiff introduced the depositions of Ben A. Vansickle, who stated that he had some recollection of a file, or files, made in the district surveyor's office of Rusk county, by James Davis, or Leander E. Tipps, as agent for said Davis; that one of the certificates under which the files were made, was in the plaintiff's name, or a name similar to his; that there were three files of a league each, joining each other, and upon land in the south-west portion of the county. That these files were made before witness

had charge of the office as district surveyor, sketches of which he found in the office when he became possessed of the records and papers of the office. (The surveys before described made in 1849, appear to have been made whilst the witness was district surveyor.) Witness states that Hollingsworth's file was on a part of the land which had been previously filed upon by Davis; that he found when he came into office, the files made by Davis had been withdrawn by Tipps, and Hollingsworth had filed on the land instead; that Davis came to him, the witness, and protested against the act of Tipps in removing his files, and he proceeded to survey the land for Davis on the files, treating the withdrawal as void, after the denial by Davis of Tipps' authority. Hollingsworth's file, he stated, was substituted for that of Davis, but a short time after the "lifting" of the file by Tipps; that the whole facts appeared of record in the surveyor's file book, which has been destroyed by fire. On cross-examination, witness did not remember the beginning corners or calls, either natural or artificial, of any of the files made by Davis; and stated that Davis did lift one of his files, assigning as a reason, that it was upon an old survey; witness stated that the file "lifted" by Davis was never surveyed by himself, but that he did survey the file made on the Holshausen certificate. The witness supposed that the file of Davis was lifted before the file made by Hollingsworth, as Davis did not complain to him of any interference (conflict?) with Hollingsworth as to the file which had been withdrawn by him. Witness stated that he made the survey claimed by the plaintiff; the same land, or a portion of it, had been surveyed by his deputy by virtue of the Hollingsworth file, but he did not believe the survey was recorded in his office.

The plaintiff introduced and read as evidence the receipt of the county surveyor, dated December 10th. 1844, to James Davis for two headright certificates; one for one league and labor of land, and the other being the same described in the patent, with an endorsement on the receipt, dated June 11th, 1847, in the handwriting of S. P. Hollingsworth, (who, it was proved, at that time, kept the office in the absence of the surveyor,) to the effect that James Davis had "lifted the headright certificate" first above

named "out of the office of Rusk county," signed by Hollings-worth.

The defendants introduced W. M. Ross, who testified that he was deputy surveyor in the winter of 1844 ; had seen files on the file book which had since been destroyed by fire, covering lands in the neighborhood of the lands in controversy ; that those files · were generally known as the Davis files, though stated his own opinion to be that they were made by L. E. Tipps. Defendants proved by B. L. Hollingsworth that, in the year 1849, he saw in the file book a file made in the year 1844, by and in the name of L. E. Tipps, upon the land afterwards surveyed by the defendant, S. P. Hollingsworth; that across the face of the file was written "lifted," and signed by "L. E. Tipps." Witness did not recollect the name of the certificate mentioned in the file; and said that his brother, the defendant, called his attention to the file book con-taining the foregoing entry therein, which had been since des-troyed by fire. Another witness stated that Tipps had located lands for him in 1844 and in 1849, and thought he was engaged about that time in locating certificates.

The plaintiff offered to prove that it was the custom of the country for locators of land certificates to raise or withdraw them and the files made by virtue of them at pleasure; objected to by the defendant, because of the want of authority by the agent to locate, to withdraw a file without the authority also given so to do by the principal ; and because it is not competent to establish such authority by proof of the custom of the country. Plaintiff offered to prove the existence, in the country, of a class of persons engaged in the business of locating lands as a vocation ; objected to by defendants. The court sustained the objections to both pieces of testimony ; to which rulings the plaintiff excepted. The court instructed the jury : "That if the plaintiff had the head-right certificate by virtue of which his survey was made, and his patent was issued, filed upon the land in controversy, before the surveys for the defendant Hollingsworth were made, they would find for the plaintiff, unless they believed from the testimony that the plaintiff, or L. E. Tipps by his authority, raised said certifi-cate and abandoned said file before the making by defendant Hol-

lingsworth of his surveys, and that the same was not before said surveys were re-filed upon said land, and if so, they would find for the defendant."

The plaintiff asked the court to charge the jury "that if they should find that Tipps did raise the certificate of plaintiff before the location was made by defendant, that plaintiff's right would not be prejudiced, unless Tipps had authority from the plaintiff so to do. That the authority given to Tipps to locate did not authorize him to raise the same without the authority of the plaintiff." Which charges were refused to be given by the court.

The defendants asked the court to instruct the jury "that if they believed from the testimony that Tipps filed a certificate upon the land in dispute, and afterwards raised the certificate, and thereafter Hollingsworth filed on the land, and had the same surveyed, after which Holshausen, by himself or his agent Davis, procured a survey to be made on the land in the name of the plaintiff, that the file and survey of the latter would date from the time of making the same, and would not relate back to the file made by Tipps in his own name." They asked the court further to instruct the jury, "that if they believed that Tipps was employed by Holshausen or his agent, to locate and procure a patent upon the Richard Langham certificate, and that in pursuance of such employment, after filing the certificate, he lifted the same by an entry on the file book, the land became vacant and subject to location. And that they might presume that Tipps was the plaintiff's agent, by his acts in filing and lifting the certificate, and exercising control of the certificate and file as such agent." Which charges were also refused to be given by the court.

The jury returned a verdict for the plaintiff, and judgment was rendered against the defendant for the land described in the plaintiff's petition.

The only errors assigned by the appellant which need here be stated, are the rejection by the court of the testimony offered by the defendant, presented in the exceptions to its ruling; the alleged error in the charge to the jury; the refusal to give the instructions asked by the defendants; and overruling the defendant's motion for a new trial, which presented as grounds therefor the

two which are last above named; and, also, that the verdict was contrary to law, and was not supported by the evidence. The court refused to grant a new trial.

*S. P. Hollingsworth, in propria persona.*

*Armstrong & Parsons,* also for appellant.

Messrs. Armstrong and Parsons argued that if the plaintiff had in fact made a location upon the identical land in controversy, at the time when he alleges he made it, Hollingsworth, as a subsequent locator without notice of the prior location made by plaintiff, holds the better title. In support of this ground they cited Lewis v. Durst, 10 Tex., 398; Guilbeau v. Mays, 15 Tex., 410; Garnett v. Jenkins, 8 Peters R., 75; Williams v. Craig, 10 Tex., 437.

They concluded their argument on the above, and certain other points, as follows :

The only testimony that tends to prove, with any reliable certainty, that this land had never been located by any person previous to the location made by Hollingsworth, is the testimony of the witness Benjamin P. Hollingsworth, a witness introduced by defendants, and he proves that the prior location made upon this land had been made by L. E. Tipps, and that the same had been lifted by him, said Tipps, before the location upon the certificate, under which defendants' claim was made, and none of the testimony shows that it was the Langham certificate that was so located by Tipps. There is no proof that there was any certificate, file, or record in the office of the surveyor of Rusk county showing that there was any location existing on this land at the time Hollingsworth made his locations. If the plaintiff had had a location of this land made for his benefit in 1844, as is contended for by him, yet, by his own laches, he had lost all the prior rights he held by said location before the defendant Hollingsworth made his file; he could not hold his receipt in his pocket without demanding a survey on designation of the land, for over four years, and then think, by his pretended prior location, to oust innocent purchasers, or locators, who had purchased, or located in the meantime, of the rights they had acquired by virtue of their subsequent purchase

or location. A man may deal with his own as he pleases; he may fail to prosecute his rights; to attend to his interests; or to apply for remedies; but he must be careful, in so doing, that he does not entrap others, for if he does this, he, and not they, must be the loser.

The locator must designate the lands he locates with sufficient certainty to give others, who may wish to locate, notice of the exact locality of·the land he has located, so that they may locate the vacant land left by him up to his lines, without danger of infringing upon him. And as the law, as it existed at the time all these locations are alleged to have been made, allowed a locator to raise his certificate after it had been located, he should have had his survey made in a reasonable time, or the presumption would be that he had lifted his certificate and located it elsewhere. He must use all the means in his power to prevent any misconception as to whether the land had been formerly located, or was still claimed by him. In the case of Lewis v. Durst, the court held that the neglect of a locator for over two years to have his land surveyed or designated so that others wishing to locate, could determine and see the exact land so located, was negligence too gross to be tolerated by law. Justice Lipscomb, in delivering the opinion of the court in that case, says : " To the argument of counsel for the appellant, that he cannot, with justice, suffer· from the default of the surveyor in not making a written memorandum of the location, it may be answered that it is a well known rule that where a loss is to fall on one of two innocent persons, it is placed on the one who is most in fault, for not having used the necessary precautions to prevent the result. And there can be no question that the plaintiff did not use all the means in his power to prevent any misconception as to whether the land in controversy had been designated by him. Besides his failure to furnish the evidence contemplated by the regulations cited, he was chargable with great negligence in permitting the land he had designated to remain two or three years without being surveyed." (See 10 Tex., 417.)

Now, under this rule, has the plaintiff in this case not been guilty of more negligence than the law will tolerate, for if he can

claim the benefit of any of the locations said to have been made by either Tipps or Davis, the evidence does not, as already stated, show the locality of either of those locations with any thing like reasonable certainty? And, further, in order to hold this land by virtue of a location or file that was once in writing, but that has been destroyed, the plaintiff must prove that the file in writing once existed; that it covered the identical land in controversy; and that it was made by virtue of the identical certificate under which he now claims. The fact that a file had once been entered in the books of the county surveyor's office, and that these books had been destroyed, would not entitle him to have any land he might desire surveyed, and such survey made by virtue of any certificate he might see proper subsequently to place upon his land.

The court, looking to the evidence in this cause, cannot say that the Langham certificate was ever located upon this land prior to the date of plaintiff's survey.

It has always been the policy of this government (or it is the policy of all well regulated governments,) to avoid, as much as possible, all conflicts in the location and grant of its lands. In order to avoid these conflicts, the framers of the constitution of the Republic provided in the tenth section of the general provisions of that instrument, that those who did not reside upon their lands, should have " their lines plainly marked." (See Hart. Dig., 38.)

*Ochiltree & Donley,* for the appellee.

WHEELER, C. J.—There is no question that the defendant's survey is anterior in time to the plaintiff's; and that his prior equity must prevail over the plaintiff's legal certificate, unless the plaintiff's certificate was located upon the land in question prior to the defendant's survey. Of this the record affords no evidence. There is little doubt the plaintiff's certificate was, in fact, located prior to the defendant's survey. But it is impossible to say, from the evidence, that it was upon the land here in question. This it was incumbent on the plaintiff to prove; and there is certainly a

failure of proof upon the essential point of the identity of the location.

We, therefore, think that the motion for a new trial ought to have prevailed upon the ground that the verdict was not supported by the evidence.

It appears that a certificate had been located upon this land, and removed before the defendant made his survey. It is assumed that it was the plaintiff's certificate located by his agent Tipps; and it is supposed an agent having authority to locate a certificate, had not the authority to change the location. It was proposed by the defendant to prove that persons engaged in locating lands, were accustomed to change their location; and we think it was competent to receive evidence of such custom. If such was the custom, it is reasonable to suppose, in the absence of evidence to the contrary, that the agent in this case had the authority to do whatever was customary in such cases. The custom of persons similarly employed would be evidence of the extent of the authority; the presumption being that the principal had conferred upon his agent, in this instance, a like authority to that usually exercised by persons similarly employed. We are of opinion, therefore, that the evidence ought to have been received.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.